UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00208-MR

| | | |
|---|---|---|
| PAUL VALDEZ-BEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| DUSTIN SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's miscellaneous filings [Docs. 4, 7]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.   BACKGROUND**

Pro se Plaintiff Paul Valdez-Bey, Jr., is a pretrial detainee currently housed at the Cherokee County Detention Center (the "Jail") in Murphy, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on August 12, 2024, against the following Defendants: (1) Dustin Smith, identified as the Cherokee County Sheriff; (2) Captain FNU Smith; (3) Lieutenant FNU

Avero; (4) Sergeant FNU Gibbs; and (5) Sergeant FNU Flattenes.[1,2]  [Id. at 2-4].  Plaintiff sues Defendants in their official capacities only.  [Id.].

By way of summary, Plaintiff appears to allege that during his detention at the Jail he and other Muslim detainees have been hindered from fully practicing their Muslim religion and that he has been physically prevented from leading religious services by placement in "the hole."  [Id. at 6-7].

Plaintiff claims violation of his First Amendment right to the free exercise of religion.  [Id. at 3].  Plaintiff does not allege what injury he has suffered.  [Id. at 8].  For relief, Plaintiff seeks monetary relief and for "people of all colors not to be persecuted Because of they're faith and Targeted because of they're color and for the people who took a oath to uphold the constitutional rights of humans[.]"  [Id. (errors uncorrected)].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which

---

[1] Plaintiff has since filed an unsigned letter and an unsigned purported "Notice" with the Court seeking to correct the spelling of the last names of Defendants Flattenes and Avero. [Docs. 4, 7].  The Court will strike these improper filings.  Plaintiff is strongly cautioned to carefully review the Court's Standing Order in this case, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing any further documents with this Court.

[2] Plaintiff also alleges that Defendants Smith, Avero, Gibbs, and Flattenes are "Deput[ies]" employed by Defendant Sheriff Smith and the Jail.  [Doc. 1 at 2-4].

relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski,

599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff's Complaint fails initial review for several reasons.

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff purports to sue Defendants, who he alleges are employees of either the Jail or the Defendant Sheriff, in their official capacities only. Plaintiff, however, fails to allege that any official policy was the moving force

behind or otherwise played a part in any constitutional violation. The Court, therefore, will dismiss these claims.

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). In his Complaint, Plaintiff neglects to clearly allege which Defendant is responsible for which conduct. That is, Plaintiff alleges that "they" or "he" or "we" or "us" acted in certain ways or did certain things, but he fails to clearly allege to whom these pronouns refer or he omits the subject of the sentence altogether. [See Doc. 1 at 6-7]. The Court cannot guess at what Plaintiff intends to allege.

To the extent Plaintiff purports to assert rights held by other detainees, these claims fail as a matter of law. Plaintiff has no standing to bring such claims on behalf of others that are not parties to and have not signed the Complaint. See Fed. R. Civ. P. 11(a); Ellis v. Werfel, 86 F.4th 1032 (4th Cir. Nov. 15, 2023).

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a

claim for relief. Should Plaintiff amend his Complaint, he is expressly instructed to clearly and carefully allege which Defendant or Defendants were responsible for which alleged action or event.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If

6

Case 1:24-cv-00208-MR   Document 9   Filed 09/23/24   Page 6 of 7

Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's filings [Docs. 4, 7] are hereby **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner 1983 form.

**IT IS SO ORDERED.**

Signed: September 22, 2024

Martin Reidinger
Chief United States District Judge